[No. 6326.]

## Desserich v. The Merle & Heaney Manufacturing Company.

1. **Foreign Corporation—Right to Sue**—A foreign corporation which has never done any business in Colorado may sue in our courts without payment of any fees to the state.—(372)

2. **Appeals—Abstracts**—Where the testimony is not set forth in the abstract, questions depending thereon will not be considered.—(372)

*Appeal from Denver District Court*—Hon. Carlton M. Bliss, Judge.

Mr. Gobin Stair, and Mr. Arthur Pearson, for appellant.

Messrs. Rogers, Ellis & Johnson, for appellee.

Mr. Justice Musser delivered the opinion of the court:

The defendant below, who is appellant here, was the president of The Utah Store Fixture Company, doing business in Salt Lake City. The Utah com-

pany desired to purchase fixtures from the plaintiff, appellee here, an Illinois corporation doing business in Chicago. The plaintiff would not ship the Utah company fixtures until the defendant personally guaranteed payment therefor, whereupon the defendant sent the plaintiff a letter as follows:

"Gentlemen: In order to facilitate the shipment of fixtures to The Utah Store Fixture Company and until a transfer of the bond now existing with the Passow people has been formally made, I will be personally responsible for the invoice of the first carload of fixtures which you may ship at the request of the Utah house.   It is in response to their solicitation that I make this guarantee in order that the progress of affairs may not be hampered.   You may communicate with them with this end in view when the time is opportune.   Very truly yours,

"J. DESSERICH."

After receiving this letter, the plaintiff shipped a carload of fixtures to the Utah company at Salt Lake City.   Certain payments were made upon this shipment.   The plaintiff brought suit against the defendant for the balance, and recovered a judgment. From this judgment, the defendant appealed.

As a matter of fact, this appeal should be dismissed on account of the insufficient abstract prepared by the defendant.   However, as on the merits the judgment should be affirmed, the errors alleged by defendant will be considered as best they can from the meager material he has furnished.

1.   The defendant claims that he was released from his guarantee because the plaintiff, prior to the commencement of the action, refused to accept the Passow bond mentioned in defendant's letter of guarantee.   The trouble with defendant's contention as to this point is that there is no testimony to sustain it.   The little testimony that he has abstracted refers

to an entirely different bond than the one mentioned in the letter of guarantee.

2.   The defendant also says that, inasmuch as plaintiff was a foreign corporation, and had not paid any fees to the state of Colorado, it was not entitled to maintain this action.   It does not appear from the abstract that the plaintiff ever did any business whatever in the state of Colorado.   It appears that it was necessary for it to come to this state in order to sue the defendant.   That is all.   Certainly our statutes do not require it to pay any fees to the state for that purpose.

3.   The defendant contends that certain payments received by the plaintiff from the Utah company had been applied on the payment of other merchandise and should have been applied on the first shipment, for which the defendant was liable.   If this is so, it cannot be determined from the abstract, because very little of the testimony, relating to these payments and the application thereof, is abstracted. In his brief, the defendant says that the plaintiff, in its testimony, sought refuge in an untenable position, relative to the application of each payment, but whatever that testimony was the defendant has not presented it to this court, and, therefore, whether or not the position of plaintiff is tenable or untenable cannot be ascertained.   However, in its brief, the plaintiff has supplied the court with enough testimony, relative to these payments, to show that the defendant, who was president of the Utah company, and actively engaged in its affairs, was well satisfied with the applications as made until the Utah company met with financial reverses and he was called upon to make good his guarantee.   There is no reason why he should not fulfill his contract.   The judgment is affirmed.                                         *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.